36 F.3d 1096
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James C. YATES, Petitioner,
v.
D O & W COAL COMPANY, INCORPORATED; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 93-2304.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 7, 1994.
Decided: September 28, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-1014-BLA)
 James C. Yates, Petitioner Pro Se.
 Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Washington, DC; Marta Kusic, Staff Attorney, Karen Nancy Blank, United States Department of Labor, Washington, DC, for Respondents.
 Ben. Rev. Bd.
 AFFIRMED IN PART AND REMANDED IN PART.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Yates seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's (ALJ's) denial of black lung benefits pursuant to 30 U.S.C.A. # 8E8E # 901-945 (West 1986 & Supp.1994). Our review of the record discloses that the ALJ's decision that Yates has not established his total disability under Part 718 is based upon substantial evidence. Accordingly, we affirm as to Yates's claim under Part 718 of the applicable regulations, see 20 C.F.R. Sec. 718.2 (1994), on the reasoning of the Board. Yates v. DO & W Coal Company, No. 92-1014-BLA (Ben. Rev. Bd. Aug. 30, 1993).
 
 
 2
 Yates filed a prior claim for benefits in 1973, however, which was denied because he was still working. Claims filed before July 1, 1973 are entitled to reevaluation under a more lenient standard, 30 U.S.C. Sec. 945, if the claimant requested review within six months of notification. 20 C.F.R. Secs. 410.704(d), 725.496(d) (1994). Although the Director asserted that an election card was mailed to Yates in 1978 and was not returned, Yates denied that he received such a card.* Therefore, we must remand the case for resolution of this issue. If the ALJ finds that the election card was returned or that Yates's failure to file it is excused by good cause, 20 C.F.R. Sec. 410.704(d) (1994); see Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990), Yates's claim must be reevaluated.
 
 
 3
 Claimants who have worked ten years in the mine can establish an interim presumption of total disability due to pneumoconiosis by one of four methods. 20 C.F.R. Sec. 727.203(a) (1994). The ALJ's evaluation of Yates's claim under Part 718 precludes a finding of total disability as to three methods under Part 727: pulmonary function studies, blood gas studies, and other medical evidence. However, the ALJ's assessment of the x-rays under Sec. 718.202(a)(1) does not preclude a finding that the x-rays establish the existence of pneumoconiosis under Sec. 727.203(a)(1).
 
 
 4
 In his evaluation of the x-ray evidence under Sec. 718.202(a)(1), the ALJ referred to the recency of the x-rays under consideration: "Generally, the most recent x-ray evidence of record deserves the greatest weight." In a case decided soon after the ALJ's ruling, we rejected reliance on the "later evidence is better" rationale in evaluating x-rays. Adkins v. Director, OWCP, 958 F.2d 49, 51-52 (4th Cir.1992). Therefore, should the case require evaluation underSec. 727.203(a)(1), the ALJ must use appropriate standards to assess the x-ray evidence. In addition, if the ALJ concludes that Yates has established his right to benefits, he or she must determine whether liability for the benefits lies with DO & W Coal Co., or whether it transfers to the trust fund. 30 U.S.C. Sec. 932(c)(2), (j)(3) (1988).
 
 
 5
 Accordingly, we affirm the Board's ruling that Yates is not entitled to benefits under Part 718. We remand the case to the Board, for further remand to the ALJ, to resolve the outstanding factual and legal issues as to Yates's entitlement under Part 727. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 An ALJ remanded the claim to the Deputy Commissioner in 1989 to determine whether an election card was ever mailed to Yates. The Director offered evidence that an election card was mailed to Yates and not returned. At the hearing below, Yates testified that he never received such a card, that his wife files every important document that comes into the house, and that they searched the house for the card to no avail. Neither the ALJ nor the Board addressed the question of whether Yates's 1973 claim is still pending